UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMEER ALGHUSAIN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JASON L. NEMETH, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-05175-BLF<br><br>**ORDER TRANSFERRING CASE TO THE NORTHERN DISTRICT OF OHIO**<br><br>[Re: ECF 67, 84, 85, 87, 116, 119, 121, 122, 134, 155, 169] |

In 2016 or 2017[1], Plaintiff Ameer Alghusain lost his business rental space at Lorain County Community College, in Ohio, the earliest of many grievances he details in his lengthy complaint. Am. Compl. ¶¶ 4, 114, ECF 28. On March 21, 2019, Mr. Alghusain fell through the backyard deck at his rental house in Ohio and severely injured his leg. *Id.* ¶ 64. He alleges that this set off a series of unfortunate events that led to him being evicted and losing several valued personal belongings in the process. *Id.* ¶ 73. Now, Mr. Alghusain has sued 17 Defendants, all of whom are located in Ohio or took actions forming the bases of this lawsuit in Ohio. *See* Am. Compl. Before the Court are 10 motions to dismiss, and the majority of them raise the threshold issue of improper venue here in the Northern District of California. *See* ECF 67, 84, 85, 87, 116, 119, 121, 122, 134, 155. Mindful that courts in this Circuit are more lenient with pro se litigants to afford them the benefit of the doubt, *see Gero v. United States Gov't*, No. 16-CV-04449-JSC, 2017 WL 550230, at *4 (N.D. Cal. Feb. 10, 2017), the Court will exercise its discretion and TRANSFER this case to the Northern District of Ohio, where venue is proper.

Venue is proper in:

---

[1] Mr. Alghusain is not consistent in his pleadings as to when this alleged eviction occurred. *Compare* Am. Compl. ¶ 4 *with* Am. Compl. ¶ 114.

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In ruling on a motion to dismiss based on improper venue, "the allegations in the complaint need not be accepted as true…" *eBay Inc. v. Digital Point Sols., Inc*., 608 F. Supp. 2d 1156, 1161 (N.D. Cal. 2009) (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004)). It is proper for courts to address venue before any other alleged grounds for dismissal. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.") (internal quotation and citation omitted), *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465 ("Nothing in that language indicates that the operation of the section [28 U.S.C. § 1406(a)] was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants."). Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir.1992).

Mr. Algusain is a resident of this district, Am. Compl. ¶ 7, but this is not a relevant consideration for proper venue. *Gilbert v. Sec'y of State*, 951 F.2d 359 (9th Cir. 1991) ("Under the applicable venue provisions, . . . the defendant's residence may be relevant, but the plaintiff's residence clearly is irrelevant."). Mr. Algusain alleges that he entered into a verbal rent-to-own contract in this district in 2017 for a house in Ohio with Defendant Jason Nemeth. Am. Compl. ¶ 12. He further alleges that he realized he was wrongfully evicted, and his property had been stolen, when he was in this district, *Id.* ¶ 13, though the rental house, actual eviction, and his property, which give rise to his causes of action, are in Ohio. Mr. Algusain alleges he received defamatory

emails from Ohio-based Defendants while in this district. *Id.* ¶ 16. Mr. Algusain alleges "a substantial amount of the mental, emotional, physical and financial damages have been incurred when Plaintiff was in San Jose, Santa Clara County, California," but he does not bring claims for mental or emotional distress. *Id.* ¶ 15. Mr. Algusain alleges venue is proper because Defendant IGW Solutions maintains online operations in this district, though all of the actions allegedly taken by Defendant IGW Solutions stem from its conduct in Ohio. *Id.* ¶¶ 27, 29, 30, 32, 36. Mr. Algusain makes the same allegation against Defendant GexPro Rexel USA, Inc., but again, all of the actions allegedly taken by this Defendant stem from conduct tied to Ohio. *Id.* ¶¶ 41, 43, 48. Mr. Algusain also alleges that it would be inconvenient for him to litigate in Ohio and that "Plaintiff has no faith in Ohio Judicial System because many State and county judges are friends with some of the Defendants." *Id.* ¶¶ 19, 20.

Since venue is proper in "a judicial district in which a *substantial* part of the events or omissions giving rise to the claim occurred, or a *substantial* part of property that is the subject of the action is situated," 28 U.S.C. § 1391(b)(2) (emphasis added), the Court finds that venue is proper in the Norther District of Ohio and improper here.

The Court finds that a substantial part of the events giving rise to these claims, along with a substantial part of the property at issue, are in Ohio, specifically Lorain County, which is located in the Northern District of Ohio. By Mr. Algusain's own admission, "Defendants in this complaint are a mix of State of Ohio officials, lawyers, large law firms, lobbyists, candidates for office, campaign managers, private businesses, businessmen, business advisors, greedy corporations, and Ohio ethics law agencies with one common goal: to benefit each other, in a secret conspiracy nature." Am. Compl. ¶ 23. Bank-wire transfers between Defendants and conversations that support allegations in this complaint allegedly occurred in Ohio. *Id.* ¶ 27. Defendants IGW Solutions, Jason L. Nemeth, Vinod K. Gupta, and Ratanjit Sondhe allegedly have businesses at Lorain County Community College Entrepreneurship Center, where Mr. Algusain alleges he was wrongfully evicted by Defendants Lorain County Community College, Vinod K. Gupta, and Governor Mike DeWine. *Id.* ¶ 29. He alleges violations of Ohio ethics laws as his eighth claim for relief on the basis of conduct that occurred in Ohio. *See Id.* ¶¶ 30, 60. Mr. Algusain alleges he has

3

been denied equal benefits under the law in Ohio. *Id.* ¶ 36. He also alleges he was discriminated against on the basis of his race, national origin, religion, and disability in Ohio. *Id.* ¶ 36, 73. Mr. Algusain hired Defendant Buckingham, Doolittle & Burroughs, LLC in Ohio and alleges it committed legal malpractice in Ohio. *Id.* ¶ 42. Defendants allegedly conspired to illegally deprive Mr. Algusain of business opportunities and spied on him in Ohio. *Id.* ¶¶ 44-45. Mr. Algusain also alleges his trade secrets were stolen in Ohio. *Id.* ¶¶ 46, 48. Mr. Algusain alleges he was evicted twice in Ohio, once from a business location and once from a rental house. *Id.* ¶¶ 52-54, 70, 73. Mr. Algusain alleges that he can no longer work because of his leg injury that occurred at his rental house in Ohio. *Id.* ¶ 22. All of his allegedly stolen property, including his gun, is in Ohio. *Id.* ¶ 75.

Finally, the Court notes that Mr. Algusain brings four federal claims for actions allegedly occurring in Ohio and state law claims under twelve Ohio state statutes for actions allegedly occurring in Ohio, compared to one claim under California state law, which involves emails sent from Ohio-based Defendants. Am. Compl. ¶¶ 106-154. Accordingly, the Court concludes that a substantial part of the events giving rise to these claims, along with a substantial part of the property at issue, are in Ohio, and thus venue is proper in the Northern District of Ohio.

Exercising its discretion and finding it to be in the interest of justice pursuant to 28 USC 1406(a), the Court will TRANSFER venue to the proper court, the Northern District of Ohio. The Court has considered Plaintiff's motion to delay this ruling, *see* ECF 169, and finds it to be without merit and thus the motion to delay ruling is DENIED. The Clerk shall transfer this action and close the case.

**IT IS SO ORDERED.**

Dated: March 29, 2021

_____
BETH LABSON FREEMAN
United States District Judge

4